ALASKA REFRIGERATOR CO. *v.* WISCONSIN REFRIGERATOR CO. *et al.*

*(Circuit Court, N. D. Illinois.  July 13, 1891.)*

1. PATENTS FOR INVENTIONS—NOVELTY—REFRIGERATORS.
    Letters patent No. 8,463, reissued October 22, 1878, to George F. Smith and others for refrigerator having an ice-box over the provision chamber, and occupying its entire width, except air-flues at the ends, a false bottom to the ice-box with air passages connected with a central opening in the provision chamber, and air passages leading up from the provision chamber at the ends of the ice-box, are not void for want of novelty, since, though all the elements of such a refrigerator are old, they had never been combined before.

2. SAME—VALIDITY OF REISSUE.
    Where the reissue of a patent is obtained within two years after the issue of the original patent, a defense to an action for infringement that the reissue is void, because for a different invention than that claimed in the original patent, will not be considered, where the original patent is not put into the case, and there is no proof that the claims of the reissued patent are extended beyond what is justified by the original specifications and drawings.

In Equity.
*Banning & Banning & Payson*, for complainant.
*Coburn & Thacher*, for defendants.

BLODGETT, J.    This is a suit for an injunction and an accounting, by reason of the alleged infringement of reissued letters patent No. 8,463, granted October 22, 1878, to George F. Smith, C. W. Woods, H. C. Smith, and Abram R. Colborn,—George F. Smith being the inventor, and the others taking as assignees from him,—the original patent having been granted July 24, 1877.    The inventor states the scope and object of his invention in the following extract from his specifications:

"My invention relates to that class of refrigerators wherein a constant circulation of air is maintained through the ice-box and provision chambers, and its object is to increase the circulation, reduce the air to a lower temperature than heretofore, and to deliver such air into the provision chambers, deprived of all odor and free from moisture, preventing the sides of said provision chambers from sweating, and better preserving the articles placed therein."

He then describes his device as consisting of a refrigerator, in which the ice-box, which is provided with a false bottom, raised an inch or two from the main bottom, occupies the entire upper portion of the case, the width and length of the provision chamber, with the exception of thin air passages at the ends of the ice chamber, these air passages extending upward from the provision chamber along the ends of the ice chamber, and are then carried horizontally over the top of the ice chamber to a central opening in the cover or top of the ice chamber. This warm air, thus delivered centrally into the ice chamber and upon the ice deposited therein, passes over and through the ice in the ice chamber, and from thence, under the false bottom, to a central opening in the main bottom of the ice chamber into the provision chambers; and the falling of the cold air into the provision chambers causes the warm air to rise through the air passages at the ends of the ice chamber over into the top of the ice chamber, where again the process of cooling and deodorizing goes on. The inventor sets out at considerable length in his specifications the practical operation of his device, as follows:

"It will be observed from the foregoing description of the construction of the refrigerator, and from inspection of the drawings, that the ice-box occupies substantially the entire upper portion of the refrigerator, the width of the provision chambers beneath it. This construction is deemed important, as thereby not only a large chamber is provided for the reception of ice, but in this chamber there is room for the refrigeration of a large body of air, and, the outlet for the discharge of this air into the provision chamber being small, all the air is detained in the ice-box chamber until it is perfectly cool. By this construction, also, the air discharge passage out of the ice-box may be located centrally over the inner sides of the provision chambers, and the air passages out of the provision chambers may be located around the ends of the ice-box, and over the outer sides of the provision chambers. From this construction and location of the ice-box in reference to the provision chambers, and to the cover with its central air discharging opening, it is apparent that it permits— *First,* a central discharge of the heated and vitiated air from the provision chambers into the upper center of the ice-box; *second,* that it permits this air, after it is cooled, purified, and dried, to be discharged centrally out of the bottom of the ice-box; *third,* that this air is discharged into the provision chambers near the center of the refrigerator; and, *fourth,* that this air is discharged out of the upper, outer sides of the refrigerator at the greatest practicable distance from the inlet."

Infringement is charged as to the first three claims of the patent, which are:

"(1) In a refrigerator, the combination of the following elements, viz., an ice-box, the width of the provision chambers, occupying the entire upper portion, except spaces at each end for ascending air currents, a central opening in the bottom of the ice-box, provision chambers below the ice-box, occupying the entire width, and air passages out of such chambers around the ends of the ice-box, substantially as and for the purposes set forth. (2) In a refrigerator, the combination of the following elements, viz., an ice-box the width of the provision chambers, occupying the entire upper portion, except spaces at each end for ascending air currents, an air discharge opening above the center of the ice-box, a central air discharge opening in the bottom of the ice-

box, and air passages out of the provision chambers around the ends of the ice-box, substantially as and for the purposes set forth. (3) In a refrigerator, the combination of the following elements, viz., an ice-box the width of the provision chambers, occupying the entire upper portion, except spaces at each end for ascending air currents, a central air discharge opening in the bottom of the ice-box, and a false bottom raised above the bottom of the ice-box, having openings near its ends only, and an air passage under it, substantially as and for the purposes set forth."

The defenses are: (1) That the patent is void for want of novelty; (2) that the reissue is void because it is for a different invention than that claimed in the original patent; (3) that defendants do not infringe.

Upon the question of want of novelty, quite a number of old patents upon refrigerators are introduced, which, it is claimed, contain all the elements covered by the claims in the patent in question. These old patents show that it was old to locate the ice-box over the provision chamber, and make the ice chamber of substantially the same size as the provision chambers below. It was also old to conduct the air from the provision chambers by flues or passages into the top of the ice-box, and to allow the cool air to pass from the bottom of the ice-box into the provision chambers. The older art also shows a false bottom in the ice-box. But I find no such combination of these old elements in any one of the old refrigerators put in evidence in this case as is shown in this patent. For instance, the Fisher patent of August, 1865, shows an ice-box over the provision chamber occupying the entire top of the provision chamber, except spaces for an air passage along one end of the ice-box; but it shows no central opening in the top of the ice-box for the admission of the warm air from the provision chamber, no false bottom in the ice-box, and no central opening in the main bottom of the ice-box to admit the refrigerated air into the provision chambers. The Chase patent of October, 1869, shows an ice-box which, he says, is preferably made smaller than the provision chamber below, an air passage leading from the provision chamber along one end of the ice-box, through which the warm air rises from the provision chamber and is carried into the ice-box through a central opening in the top; but he shows no false bottom in his ice-box, and his cold air flows into the provision chamber through openings in the bottom of the ice chamber in one end opposite that in which the warm-air passage is located. The Roberts patent of 1873 shows an ice-box over the provision chamber, and a flue along the ends of the ice-box, but no central opening in the top or bottom of the ice-box, and no false bottom to the ice-box. The Fisher patent of November, 1872, shows an ice-box of the size of the provision chamber, with a warm-air passage at the back side of the ice-box, through which the air passes into the ice-box not centrally, and the cold air flows into the provision chamber through openings at the ends of the ice-box. This patent also shows a false bottom to the ice-box, but the opening for the cold air to pass into the provision chamber is not under this false bottom, as in the patent now in question. The Bray patent of March, 1873, shows an ice-box located over the provision chamber, with warm-air passages at the ends of the ice-box from the provision room or chamber,

through which the warm air is carried into the ice-box through a central opening in the top of the ice-box, and the discharge of the refrigerated air into the ice-box through a central opening in the bottom, but this patent shows no false bottom in the ice-box, such as is called for in complainant's patent, with openings *only* at the ends, and whose function is to compel the air to pass through the mass of ice and only escape from the ice-box by way of the end passages to the central escape into the provision chambers. It seems, then, to me, from the proof before me, that this patentee was the first to bring, into one device or refrigerator, the three elements of an ice-box occupying the entire width of the provision chamber, except air flues at the ends; a false bottom to the ice-box extending nearly to the ends of the box, and with air passages under the false bottom, so that the cold air may pass underneath this false bottom to a central opening, through which it may flow into the provision chamber or chambers; and, third, air passages leading upward from the provision chamber at the ends of the ice-box, through which the warm air from the provision chamber rises and is carried over the top of the ice-box, and admitted to the ice-box through the central opening in the cover; and the utility of this combination of elements is abundantly established by the proof in the case, as well as so fully explained in the patent itself as to be obviously an improvement upon any of the previous devices. The third claim of complainant's patent covers in express terms the combination, in a refrigerator, of an ice-box occupying the entire upper part of the refrigerator, except the air passages at each end for ascending currents of warm air from the provision chamber, a false bottom raised above the main bottom of the ice-box, having openings at its ends only, and air passages under it for admitting the refrigerated air into the provision chambers through a central opening in the main bottom of the ice-box, under the false bottom; and, by necessary implication, this claim includes as an element under the terms "substantially as and for the purposes set forth" the central opening at the top of the ice-box for admitting into the ice-box the warm air which rises through the air passages from the provision chamber. That is to say, the words "substantially as and for," etc., imply that this central opening at the top of the ice-box for the admission of the warm air from the provision chamber is a necessary element of this claim, and must be read into it as showing the elements in the device which co-act to produce the practical results of the device, as a whole, which the patentee intended; because stress is laid in the description of the device upon the admission of the warm air centrally into the upper center of the ice-box, whereby it is diffused through the entire mass of ice in the box and compelled to pass through the mass on its way under the ends of the false bottom to the central opening by which it falls into the provision chambers.

As to the point that the reissued patent is void because it is an enlargement of the original, it is sufficient to say that the original patent is not put into the case, and there is no evidence before us that the claims of the present patent are extended beyond what is justified by the origi-

nal specifications and drawings. The reissue was applied for and obtained in less than two years after the issue of the original patent, and hence comes within the rule of *Miller* v. *Brass Co.*, 104 U. S. 350, and *James* v. *Campbell*, Id. 356.

As to the question of infringement, an inspection of the refrigerator of the defendants in evidence in this case shows, without doubt, that the defendants have brought into their refrigerator all the elements which are peculiar to the complainant's patent. None of the defenses, therefore, being established, a decree will be entered finding that the complainant's patent is valid, and that defendants infringe the third claim thereof.